United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

No. C 11-01592 SI

FRANK PABST, an individual, on behalf of himself and all others similarly situated,

    Plaintiff,

  v.

GENESCO INC.,

    Defendant.
_____/

No. C 11-04881 SI

MICHAEL M. FRASER, as an individual and on behalf of all others similarly situated,

    Plaintiff,

  v.

GENESCO, INC.,

    Defendant.
_____/

**ORDER GRANTING FINAL APPROVAL AND ENTERING JUDGMENT**

    The motion by plaintiffs Frank Pabst and Michael Fraser for final approval (the "Final Approval Motion"), which seeks entry of an Order granting final approval of Plaintiffs' proposed class action settlement agreement and release with defendant Genesco, Inc. (the "Agreement"), came on regularly for a hearing before this Court on August 24, 2012. The Court having considered all papers and arguments made with respect to the Final Approval Motion, the Agreement and the settlement, and

having provisionally certified a settlement class by Order dated May 18, 2012 [Doc. 41] (the "Settlement Class"), hereby finds and orders as follows:

**IT IS ORDERED, ADJUDGED AND DECREED THAT:**

1. The Court finds, for settlement purposes only, that the Settlement Class satisfies the applicable standards for certification under Fed. R. Civ. P. 23. The Court finds, for settlement purposes only that: (a) the Settlement Class is so numerous that joinder is impracticable; (b) there are questions of law and fact that are common to all Settlement Class members; (c) the Plaintiffs' claims are typical of the claims of the Settlement Class; (d) class counsel have fairly and adequately protected the interests of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

2. The Court appoints Stonebarger Law, APC, Milstein Adelman, LLP, Whatley Drake & Kallas, LLC, and the Law Offices of Howard W. Rubinstein as counsel for the Settlement Class ("Class Counsel").

3. Notice to the Settlement Class has been provided by either email or U.S. mail in accordance with the Court's Preliminary Approval Order dated May 18, 2012 [Doc. 41] and the Court's Order Re Requirements of the Court for Final Approval of Class Action Settlement dated June 5, 2012 [Doc. 46]. The notice: (i) fully and accurately informed Settlement Class members about the above-referenced actions (the "Actions") and settlement; (ii) provided sufficient information so that Settlement Class members were able to decide whether to accept the benefits offered, opt out and pursue their own remedies, or object to the proposed settlement; (iii) provided procedures for class members to file written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; (iv) provided the time, date and place of the final fairness hearing; and (v) was given in an adequate and sufficient manner, constitutes the best notice practicable under the circumstances, and satisfies due process.

4. The Agreement was arrived at as a result of arms-length negotiations conducted in good faith by counsel for the parties with the assistance of a Mediator, the Honorable Edward A. Infante (Ret.), and is supported by the Class representatives Fraser and Pabst (the "Class Represenatives").

5. The settlement as set forth in the Agreement is fair, reasonable and adequate to the members of the Settlement Class in light of the complexity, expense and duration of litigation and the risks involved in establishing liability and damages and in maintaining the class action through trial and appeal.

6. The relief made available to Settlement Class members under the Agreement constitutes fair value given in exchange for the releases of the Released Claims against the Released Parties, as those terms are defined below.

7. Carla Lydon has validly excluded herself from the Settlement Class in accordance with the provisions of the preliminary approval order.

8. The Parties and each Settlement Class member have submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Agreement.

9. It is in the best interests of the Parties and the Settlement Class members and consistent with principles of judicial economy that any dispute between any Settlement Class member (including any dispute as to whether any person is a class member) and any Released Party which in any way relates to the applicability or scope of the Agreement or this Final Judgment and Order of Dismissal be presented exclusively to this Court for resolution by this Court.

10. This action is finally certified as a class action for settlement purposes only against Defendant on behalf of a Settlement Class which is defined as follows: "All persons in California from whom Defendant requested and recorded personal identification information in conjunction with or during an in-store credit card transaction at any of Defendant's Johnston & Murphy, Journeys, Journeys Kidz, and/or Shi by Journeys (collectively, "Journeys") California retail locations at any time from March 3, 2010 through May 18, 2012."

11. The Agreement submitted by the Parties is finally approved as fair, reasonable and in the best interests of the Settlement Class, and the Parties are directed to consummate the Agreement in accordance with its terms.

12. The complaints in these related actions shall be deemed dismissed with prejudice 15 days after this Final Judgment becomes final in accordance with the Agreement. For purposes of this Final Judgment and Order of Dismissal, "Released Claims" are: Plaintiffs and each Settlement Class member,

and each of their, his, or her, as the case may be, respective successors, assigns, legatees, heirs and personal representatives who or that have not timely requested exclusion from the Settlement Class release and forever discharge Genesco, and each of its past and present parents, divisions, subsidiaries, affiliates, predecessors, partners, successors, assigns, officers, directors, employees, investigators, attorneys, contractors, subcontractors, agents, and representatives and all persons acting by, through, under or in concert with them, or any of them (the "Released Parties"), from, without limitation, any and all claims, rights, demands, actions, obligations, damages, liabilities, and causes of action of any and every kind, nature and character whatsoever, whether based in tort, contract, statute or on any other theory of recovery, whether known or unknown, and whether for equitable relief, statutory penalties, compensatory or punitive damages, which Plaintiffs or each of the Settlement Class members ever had or could have asserted against the Released Parties arising out of or relating to any and all alleged requests for and recording of personal identification information, violations of California Civil Code section 1747.08, or that were alleged or that could have been asserted in the Actions (the "Released Claims"). Specifically excluded from the Released Claims are any claims against Genesco arising from identity theft due to Genesco's collection of Class Members' personal identification information during or in conjunction with an in-store credit card transaction at any Johnston & Murphy's or Journey's California store location during the Class Period.

13. Plaintiffs and each Settlement Class member, and each of their, his or her, as the case may be, respective successors, assigns, legatees, heirs and personal representatives, also expressly waive and relinquish, as to the Released Claims defined above, to the fullest extent permitted by law, the provisions, rights and benefits of section 1542 of the California Civil Code, or any other similar provision under federal or state law, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

14. The Court hereby approves and orders that the Released Parties are hereby released and forever discharged from the Released Claims whether known or unknown, suspected or unsuspected,

in law or equity, that any member of the Settlement Class who has not timely excluded himself/herself from these Actions and settlement (including their past, present or future agents, legal representatives, trustees, parents, partners, estate, heirs, executors and administrators) ever had, now has, or hereafter can, shall or may have against the Released Parties.

15. Settlement Class members and each of their, his, or her, as the case may be, respective successors, assigns, legatees, heirs and personal representatives heirs, executors, administrators, are hereby permanently barred and enjoined from instituting, commencing, prosecuting or continuing to prosecute, either directly or indirectly, any Released Claim against any of the Released Parties in any forum.

16. Without affecting the finality of this judgment, the Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the Agreement.

17. Neither the Settlement Agreement in this action, nor any act performed or document executed pursuant to or in furtherance of the settlement: (i) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim or of any wrongdoing or liability of Genesco; or (ii) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of Genesco in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

18. Defendant shall pay Class Counsel's attorneys' fees and costs as Ordered by the Court in a separate Order, in an amount not to exceed Two Hundred Twenty Thousand Dollars and No Cents ($220,000.00).

19. An incentive award to each Plaintiff in the amount of Three Thousand Seven Hundred and Fifty Dollars and No Cents ($3,750.00) is fair and reasonable in light of Plaintiffs' risks in commencing these Action as the Class representatives.

**IT IS SO ORDERED.**

Dated: August 24, 2012

SUSAN ILLSTON
United States District Judge