United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK PABST,<br>       Plaintiff,<br>  v.<br>GENESCO INC.,<br>       Defendant.              / | No. C 11-01592 SI |
| MICHAEL M. FRASER,<br>       Plaintiff,<br>  v.<br>GENESCO, INC.,<br>       Defendant.              / | No. C 11-04881 SI<br><br>**ORDER RE MOTION FOR ATTORNEYS FEES AND COSTS** |

The motion by plaintiffs Frank Pabst ("Pabst") and Michael Fraser ("Fraser," and jointly with Pabst, "Plaintiffs") for an award of attorneys fees and costs came on regularly for a hearing before this Court on August 24, 2012. Plaintiffs sought an award of attorneys fees based on their lodestar. The lodestar figure "is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." *Jones v. GN Netcom, Inc. (In re Bluetooth Headset Prods. Liab. Litig.)*, 654 F.3d 935, 941 (9th Cir. 2011). Here, however, plaintiffs did not provide "adequate documentation" (*e.g.,* detailed billing summaries, detailed cost records, adequate justification for hourly rates sought) for the Court to determine the reasonableness of the lodestar claimed. Therefore, the Court ordered plaintiffs' counsel to provide supplemental declarations from each firm seeking fees containing detailed billing summaries, detailed cost records, and evidence supporting the reasonableness of the hourly rate requested by each time keeper. Docket No. 54. Plaintiffs filed the required supplemental

declarations and the Court has reviewed them. Plaintiffs seek an award of $220,000 in fees and costs. Plaintiffs argue the requested lodestar is reasonable and represents a substantial discount below plaintiffs' actual lodestar, which is $297,585.50 in attorneys fees and $14,347.53 in costs. Given that plaintiffs' lawyers reported a total of 625.69 hours expended, plaintiffs effectively seek a blended hourly rate of approximately $475.00.

In the Ninth Circuit – even where attorneys fees are sought under California law – although the lodestar figure is "'presumptively reasonable' . . . the court may adjust it upward or downward by an appropriate positive or negative multiplier reflecting a host of 'reasonableness' factors, 'including the quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.'" *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d at 941-942 (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). "Foremost among these considerations, however, is the benefit obtained for the class." *Id*. "Thus, where the plaintiff has achieved 'only limited success,' counting all hours expended on the litigation—even those reasonably spent—may produce an 'excessive amount,' and the Supreme Court has instructed district courts to instead 'award only that amount of fees that is reasonable in relation to the results obtained.'" *Id*. (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434-36 (1983)).

The Court has reviewed the summaries of hours submitted by plaintiffs' counsel, as well as the actual billing records submitted in camera. With respect to the hours spent, the time records show a duplication of effort by the attorneys and an excess amount of time spent "reviewing" documents by attorneys who were not actively involved in the litigation, mediation and settlement negotiations. Those excess and unnecessary hours, however, account for about 20% of the total hours spent. As a result, the reasonable amount of time that should have been spent on this case still falls above the number of hours represented by the fee requested.[1] The Court also notes that the "benefit" obtained by the class in this case was limited. The benefit negotiated by the plaintiffs' counsel is, for the vast majority of the thousands of class members, limited to "25% off" coupons that the class members may use to purchase more of defendants' products. The Court does not know how many of these coupons have been or will

---

[1] For example, subtracting 125 hours from the 625.69 hours counsel have spent litigating this case, the remaining hours (approximately 500) at the blended hourly rate of $475/hr brings the lodestar to $237,500.

2

be redeemed, as the redemption period has not closed.[2] The most significant aspect of the relief provided to the class is removal of class members' personal information from defendants' marketing database – a fair remedy in light of the alleged violation of the Song Beverly Act's prohibition on collecting personal identifying information in connection with credit card transactions. However, that remedy was *not* included in the original settlement; it was included only in response to the Court's expression of concern over the adequacy of the initial settlement. On this record, the Court has concerns whether the lodestar – even after accounting for excessive hours – is reasonable in relation to the results *actually obtained* by plaintiffs' counsels' efforts. Nonetheless, the Court recognizes that minus the $14,347,53 in costs sought, plaintiffs will be awarded only $205,652,47 in attorneys fees, significantly less than their actual lodestar even after a 20% reduction for duplicative and excessive hours. As such, the Court finds that application of a negative multiplier is not necessary.

With respect to reasonable hourly rates, the Court finds that all rates requested are within the range of reasonable hourly rates for contingency litigation approved in this District, except for Joe R. Whatley whose request for $900 an hour for 14.7 hours is not reasonable, especially in light of the straightforward nature of the claims filed and settled in this case, as well as the limited amount of relief provided to the class.

For the foregoing reasons, the Court approves plaintiffs' counsels request for an award of $220,000 in attorneys fees and costs. Defendant shall effectuate the payment of plaintiffs' attorneys fees and costs pursuant to the terms of the Settlement Agreement.

**IT IS SO ORDERED.**

Dated: September 11, 2012

SUSAN ILLSTON
United States District Judge

---

[2] The Court notes that just over 100 class members affirmatively requested and received a $30 gift certificate and just over 500 class members affirmatively requested and received a $15 gift certificate, which arguably confers more benefit on this tiny subset of class members. However, the Court does not know how many of these class members have or will use those few certificates before they expire.

3